```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA

LEON WHITFIELD AND MARY                    CIVIL ACTION
WHITFIELD


VERSUS                                     NO: 06-4166


COUNTRYWIDE HOME LOANS,                    SECTION: J(2)
INC., ET AL.
```

**ORDER AND REASONS**

Before the Court are the following competing motions for summary judgment: (1) **Countrywide Home Loans, Inc.'s Motion for Summary Judgment (Rec. Doc. 23)**; (2) the **Motion for Summary Judgement** filed by Fidelity National Insurance Company ("Fidelity") **(Rec. Doc. 29)**; and (3) the **Motion for Summary Judgment Against Defendant, Countrywide Home Loans, Inc.** filed by Plaintiffs **(Rec. Doc. 30)**. These motions, which were opposed, were set for hearing on April 4, 2007 without oral argument. Having reviewed the motions, the memoranda of counsel, and applicable law, the Court finds that the motions of Fidelity and Countrywide Home Loans, Inc. ("Countrywide") should be granted, and Plaintiffs' motion should be denied.

**Background Facts**

The facts of this case resemble a comedy of errors. On September 30, 1994, Plaintiffs purchased property located at 7451 Camberly Drive, New Orleans, Louisiana 70128 ("the property"). Through their lender, Countrywide, Plaintiffs purchased a Standard Flood Insurance Policy ("SFIP") in the amount of

$33,000.00 ("the $33,000 policy") from Banker's Insurance Company ("Bankers").  The $33,000 policy was renewed each year from 1995 through 2004 in the amount of $33,000 in building coverage and no contents coverage.  It was paid through funds held in escrow by Countrywide.

On June 4, 2003, Plaintiffs refinanced and increased their existing mortgage through Countrywide to $112,600 on the property, which necessitated a SFIP with higher coverage limits. The Plaintiffs purchased a second, separate SFIP issued by Omaha Property and Casualty, ("OPAC") in the amount of $113,000 for building coverage and $20,000 in personal property coverage (for a total of $133,000 in coverage) ("the $133,000 policy") for the policy term of May 30, 2003, through May 30, 2004. Southern Title, Inc., the company who facilitated the refinance, withheld $838 as the first year's premium on the $133,000 policy and forwarded the premium to Plaintiffs' insurance agent, Alpha Insurance, L.L.C. ("Alpha") at the instruction of Alpha.  At the time of the 2003 refinance of the property, Alpha completed the application for the $133,000 policy; however, Alpha did not designate a payor for the purpose of the renewal of the policy. As such, the insureds themselves were listed as the payor of the renewal premium as shown on the declarations page issued for the $133,000 policy.

During the policy period term 2003 through 2004, Plaintiffs actually had two SFIPs for the property. In 2004, because Bankers and Omaha ceased to participate in the NFIP, the two policies

were rolled over to Fidelity when Fidelity acquired each of these companies' book of SFIPs. Fidelity submitted a renewal notice and invoice for payment to Countrywide, who was designated as the payor for the $33,000 policy and who continued to administer Plaintiffs' loan. Countrywide maintained an escrow account through which insurances and taxes were paid. Countrywide paid Fidelity the premium for the $33,000 policy.  This policy remains in place even today. Full limits of this policy were paid to the Plaintiffs as a result of Hurricane Katrina-related flood damages.

On March 31, 2004, 60 days prior to the expiration of the $133,000 policy, in accordance with the information reflected on the declarations page for this policy that the insureds were the payors of the premiums for the SFIP, Fidelity submitted a premium renewal notice and invoice for $875 to the Plaintiffs for the $133,000 policy at the address listed on their application and declarations page for the $133,000 policy.  The $133,000 policy was scheduled to expire on May 30, 2004. Fidelity received no premium from Plaintiffs, Countrywide, or anyone else to renew the $133,000 policy.  Again on May 17, 2004, 13 days prior to the expiration of the $133,000 policy, Fidelity sent the Plaintiffs a second renewal notice and invoice for $875.00 to the Plaintiffs address listed by Alpha on Plaintiffs' application for flood insurance, to renew the policy at issue for the term May 30, 2005. Plaintiffs did not pay the renewal premium for the $133,000 policy; thus, on May 30, 2004, at 12:01 a.m. the policy expired

and lapsed due to non-payment of renewal premiums.

When Plaintiffs received the above-mentioned renewal notices, they called Countrywide to ensure that their policy was in place and in force. Countrywide allegedly informed Plaintiffs that their flood policy premium had been paid; however, Countrywide was referring to the $33,000 flood policy.  At no time prior to its expiration did Plaintiffs send the premium notice on the $133,000 policy to Countrywide.  Thus, when Hurricane Katrina struck New Orleans on August 29, 2005, more than 14 months has passed since the $133,000 flood policy had lapsed.

**Discussion**

**(1)  Countrywide Home Loans, Inc.'s Motion for Summary Judgment (Rec. Doc. 23)**

Plaintiffs assert that Countrywide should have maintained additional flood insurance to provide coverage for Plaintiffs' home.  Countrywide claims that it had no duty to do so.  Thus, Countrywide argues that Plaintiffs cannot establish a claim against it based on contract or negligence and it should be granted summary judgment as to Plaintiffs' claims as a matter of law.  In support of this argument, Countrywide noted that the mortgage between it and Plaintiffs states as follows:

> Borrower shall keep the  . . . Property insured against loss by fire, hazards . . .including, but not limited to . . .floods . . . for which Lender required insurance.
>
> *   *   *
>
> Borrower shall promptly give to Lender all

receipts of paid premiums and renewal notices.

(Exhibit D to Countrywide MSJ, p. 5).

The Court finds that Countrywide cannot be liable to Plaintiffs based on the facts before the Court.  As Judge Lemmon concluded in <u>Shamrock Associated Industries, L.L.C., et al. v. Fidelity National Property and Casualty Insurance Company et al.</u>, 06-4093 (E.D. La. Nov. 2, 2006), Countrywide (as the lender) had the right - but did not have the obligation - to acquire additional insurance.  Thus, because this duty did not exist based on the mortgage contract, Plaintiffs' breach of contract claim against Countrywide fails as a matter of law.  Further, because this Court has determined that Countrywide did not owe such a duty to Plaintiffs, they cannot succeed on a negligence claim.  <u>Id.</u> at p. 7-8.  Last, Louisiana Revised States 6:1124 precludes any other claims Plaintiffs may have against Countrywide.  That statute states, in pertinent part:

> No financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties other than shareholders of the institution, unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary.

It is clear that the only agreement between Countrywide and Plaintiffs was the mortgage contract, which does not provide Plaintiffs with a basis of recovery against Countrywide.

The following additional facts further support the

conclusion that Countrywide is not liable to Plaintiffs: Plaintiffs admit that they received two renewal notices for the $133,000 policy that were sent to them by the flood insurer. Plaintiffs admit that Countrywide did not receive invoices for or notices of renewal or cancellation for the $133,000 policy. Plaintiffs further admit that Countrywide paid the premium of the only flood policy for which it received a bill, i.e., the $33,000 policy. Thus, Countrywide is entitled to summary judgment as a matter of law as to all of Plaintiffs' claims.

**(2) Motion for Summary Judgement filed by Fidelity National Insurance Company ("Fidelity") (Rec. Doc. 29)**

In the present matter, the primary cause of action is for denial of the $133,000 policy, which had lapsed over a year before Hurricane Katrina struck. Specifically, Plaintiffs allege that Fidelity did not follow proper care in administration of the $133,000 policy when it did not send a renewal notice to Countrywide. Fidelity, on the other hand, notes that Plaintiffs do not contest that they were listed as the payor of the renewal premium on the $133,000 policy. Fidelity also notes that Plaintiffs do not contest that they received the renewal notice for the $133,000 policy from Fidelity and did not forward the notice to Countrywide. It is further uncontested that no renewal premium was submitted to Fidelity for the $133,000 policy, which lapsed on May 30, 2004. Thus, Fidelity claims that Plaintiffs did receive the proper notices and, even if they had not, they failed to inform it of any such failure within one year of the

date of the policy lapse, as required by 44 C.F.R. Part 61.

Plaintiffs also claim that Fidelity was negligent in the administration of the $33,000 policy because it continued to send bills to Countrywide for that policy, which was supposed to have been superceded at the June 4, 2003 closing. Fidelity claims that no one ever requested that the $33,000 policy be cancelled and the renewal premiums continued to be paid; thus, the $33,000 policy was never cancelled.

Here, this Court determines that Plaintiffs' claims against Fidelity fail as a matter of law. First, as for Plaintiffs' primary cause of action against Fidelity, the $133,000 policy was not maintained because the appropriate renewal premium was not paid. Plaintiffs here admit to having received the renewal notice for the $133,000 policy. Pursuant to Article VII (H) of the SFIP, Plaintiffs' SFIP expired as a matter of law at 12:01am on the last day of the policy term. (44 C.F.R. Pt.61 App.A(1), Art. VII(H)(1).) Plaintiffs were listed as the persons that would pay the renewal notice on this SFIP. The bill was sent to the Plaintiffs in accordance with the instructions and information given to Fidelity. Plaintiffs failed to pay the renewal premium SFIP despite repeated notices from the Defendant. The policy therefore lapsed at 12:01 am on May 30, 2004, and was not in effect on the date of loss, August 29, 2005, the date of the landfall of Hurricane Katrina. Fidelity sent the renewal bill to Plaintiffs, as instructed on the declaration pages of the policy. Therefore, Fidelity was not negligent for complying with that

information.

Last, as for Plaintiffs' assertion that Fidelity was negligent in the administration of the $33,000 policy because it continued to send bills to Countrywide for that policy, the Court determines that because no one ever requested that the $33,000 policy be cancelled, there was no reason for Fidelity to cancel it.

Based on the above discussion, Fidelity's motion for summary judgment against Plaintiffs' claims should be granted in its entirety.

(3) **Motion for Summary Judgment Against Defendant, Countrywide Home Loans, Inc.** filed by Plaintiffs **(Rec. Doc. 30)**

This cross motion for summary judgment against Countrywide is denied for the same reasons this Court grants Countrywide's motion for summary judgment against Plaintiffs. Accordingly,

**IT IS ORDERED** that **Countrywide Home Loans, Inc.'s Motion for Summary Judgment (Rec. Doc. 23)** should be and hereby is **GRANTED.** Plaintiffs' claims against Countrywide are hereby **DISMISSED.**

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgement** filed by Fidelity National Insurance Company ("Fidelity") **(Rec. Doc. 29)** should be and hereby is **GRANTED.** Plaintiffs' claims against Fidelity are **DISMISSED.**

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment Against Defendant, Countrywide Home Loans, Inc.** filed by Plaintiffs **(Rec. Doc. 30)** should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the trial currently set for May

14, 2007 is hereby **CONTINUED**.  A telephone scheduling conference will be set to select a new trial date.

New Orleans, Louisiana this 23rd day of April, 2007.

*[signature: Carl J. Barbier]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE